UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FINISHMASTER, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-00299-RLY-MJD |
| ) | |
| GMP CARS COLLISION FAIRFIELD, LLC, et ) | |
| al. ) | |
| ) | |
| Defendants. ) | |

**ORDER TO SHOW CAUSE**
**HON. MAGISTRATE JUDGE MARK J. DINSMORE**

Defendants' Notice of Removal asserts that this Court has diversity jurisdiction over this matter. [Dkt. 1.]  Plaintiff's Complaint states that Defendants GMP Cars, LLC, GMP Cars Collision Fremont, LLC, GMP Cars Collision San Francisco, LLC, GMP Cars Collision San Rafael, LLC, GMP Cars Collision Santa Clara, LLC, GMP Cars Collision Fairfield, LLC, GMP Cars Collision Santa Rosa, LLC, and GMP Cars Collision Vallejo, LLC are limited liability companies.  However, the jurisdictional allegations in Defendants' Notice of Removal treat those Defendants as corporations.  [*See* Dkt. 1 at 2-3 (referring to each Defendant's legal state of organization and principal place of business).]  For purposes of diversity jurisdiction, the citizenship of a limited liability company is the citizenship of each of its members.  *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).  Thus, to properly plead the Court's jurisdiction, the parties must identify each member of each Defendant LLC and articulate the citizenship of each of those members.  If any of the members of a Defendant LLC is an LLC or partnership, then the citizenship of each of those partners or members must be identified, and so on.  It is not sufficient to represent that each of the members is not a citizen of the Plaintiff's

state.  "It is not possible to litigate under the diversity jurisdiction with details kept confidential from the judiciary."  *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003).

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).  The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists.  See *Evergreen Square of Cudahy v. Wisconsin Housing and Economic Development Authority*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement . . . and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

Accordingly, the Court hereby **ORDERS** Defendants to file an Amended Jurisdictional Statement, on or before **February 14, 2020,** which properly sets forth the requisite facts regarding the state(s) of citizenship of each Defendant LLC.

SO ORDERED.

Dated:  3 FEB 2020

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.