UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FINISHMASTER, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GMP CARS, LLC; GMP CARS COLLISION FREMONT, LLC; GMP CARS COLLISION SAN FRANCISCO, LLC; GMP CARS COLLISION SAN RAFAEL, LLC; GMP CARS COLLISION SANTA CLARA; GMP CARS COLLISION FAIRFIELD, LLC; GMP CARS COLLISION SANTA ROSA, LLC; GMP CARS COLLISION VALLEJO, LLC, and GEOFFREY PALERMO | ) ) ) ) ) ) ) ) ) ) ) Case No.: 1:20-cv-00299-RLY-MJD |
| Defendants. | |

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO STAY

## Table of Contents

                                                        **Page**

I.     BACKGROUND .......................................................................................................... 4

II.    ARGUMENT ............................................................................................................... 5

III.   CONCLUSION ......................................................................................................... 10

# Table of Authorities

**Page**

**Cases**

*Benevolence Int'l Found., Inc. v. Ashcroft*,
  200 F. Supp. 2d 935 (N.D. Ill. 2002) .................................................................................. 4

*Brown v. United States*,
  356 U.S. 148 (1958) ............................................................................................................ 5

*Clark v. Djukic*,
  No. 2:14-CV-160-JTM-PRC, 2014 WL 6674610 (N.D. Ind. Nov. 25, 2014) ...................... 6

*Clifford v. Trump*,
  No. CV1802217SJOFFM, 2018 WL 3435419 (C.D. Cal. Apr. 27, 2018) ..................... 2, 7

*Clinton v. Jones*,
  520 U.S. 681 (1997) ............................................................................................................ 2

*Consumer Fin. Prot. Bureau (CFPB) v. Glob. Fin. Support, Inc.*,
  No. 15-CV-02440-GPC-WVG, 2016 WL 2868698 (S.D. Cal. May 17, 2016) .................. 3

*Cruz v. Cty. of DuPage*,
  No. 96 C 7170, 1997 WL 370194 (N.D. Ill. June 27, 1997) .............................................. 5

*Fed. Sav. & Loan Ins. Corp. v. Molinaro*,
  889 F.2d 899 (9th Cir. 1989) .............................................................................................. 2

*Follett v. Town of McCormick, S.C.*,
  321 U.S. 573 (1944) ............................................................................................................ 5

*Glover v. Upmann*,
  No. 19 CV 03738, 2020 WL 1433801 (N.D. Ill. Mar. 24, 2020) ....................................... 5

*In re Packaged Seafood Prod. Antitrust Litig.*,
  No. 15-MD-2670 JLS (MDD), 2018 WL 5785284 (S.D. Cal. Nov. 5, 2018) (citing
  *Keating*, 45 F.3d at 324) .................................................................................................... 4

*Jackson v. Zormier*,
  No. 2:20-CV-45, 2020 WL 1899815 (N.D. Ind. Apr. 17, 2020) ........................................ 7

*Jones v. City of Indianapolis*,
  216 F.R.D. 440 (S.D. Ind. 2003) ..................................................................................... 4, 6

*Keating v. Office of Thrift Supervision*,
  45 F.3d 322 (9th Cir. 1995) ............................................................................................ 2, 4

*Lopez v. Suhr*,
  No. 15-CV-01846-HSG, 2016 WL 1639547 (N.D. Cal. Apr. 26, 2016) ........................... 7

*McCormick v. Rexroth*,
  No. C-09-4188-JF, 2010 WL 934242 (N.D. Cal. Mar. 15, 2010) ...................................... 3

*Miranda v. Arizona*,
   384 U.S. 436 (1966) .................................................................................................. 6

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
   339 U.S. 306 (1950) .................................................................................................. 2

*Price v. Indy Trading Post*,
   No. 119CV001267JMSTAB, 2019 WL 2010197 (S.D. Ind. May 7, 2019) ............... 3

*Roberts v. Brown*,
   No. 2:13-CV-07461 ODW (JCx), 2014 WL 3503094 (C.D. Cal. July 14, 2014) ..... 4

*SEC v. Dresser Indus., Inc.*,
   628 F.2d 1368 (D.C. Cir. 1980) ................................................................................ 3

*Simon v. Muschell*,
   No. 1:09-CV-301 JTM, 2010 WL 3946528 (N.D. Ind. Oct. 4, 2010) ................... 3, 7

*Square 1 Bank v. Lo*,
   No. 12-CV-05595-JSC, 2014 WL 7206874 (N.D. Cal. Dec. 17, 2014) .................... 6

*St. Paul Fire & Marine Ins. Co. v. United States*,
   24 Cl. Ct. 513 (1991) ................................................................................................ 7

*U.S. ex rel. Shank v. Lewis Enterprises, Inc.*,
    No. CIV. 04-CV-4105-JPG, 2006 WL 1064072 (S.D. Ill. Apr. 21, 2006) ............... 4

*U.S. v Petrou,*
   No. 16-CV-04323-YGR, 2016 WL 6563355 (N.D. Cal. Nov. 4, 2016) .................... 4

**Statutes**

18 U.S.C. § 1343 ............................................................................................................... 2

**Rules**

Fed. R. Crim. P. 16(b) ...................................................................................................... 3

Defendant Geoffrey Palermo hereby respectfully moves the Court for an order staying these proceedings. Mr. Palermo has been named in a federal criminal indictment in the Northern District of California. Some of the allegations that relate to the instant matter are part of the government's criminal case against Mr. Palermo. As a matter of law, the Court should grant a stay so that Mr. Palermo does not have to choose between exercising his constitutional rights against self-incrimination under the Fifth Amendment and the defense of this civil matter. The Plaintiff will not be substantially prejudiced if the proceedings are stayed during the pendency of the criminal proceeding. In the interests of justice, Mr. Palermo and the other Defendants ask that the Court enter a stay order as set forth in the attached [Proposed] Order.[1]

## I.   BACKGROUND

On December 26, 2019, Plaintiff filed its Complaint in Marion Superior Court in the State of Indiana. Defendants removed the case to federal court on January 27, 2020 (Dkt. 1.) On February 24, 2020, Defendants filed their Answer (Dkt. 14), and one day later Plaintiff filed its Response to Defendants' Notice of Removal (Dkt. 16). On March 13, 2020, Plaintiff filed its Preliminary Witness and Exhibit Lists (Dkts. 21 & 22) which identify Geoff Palermo and Craig Fossella as relevant witnesses, and financial or payment records of Defendants as exhibits.

On June 4, 2020, a Criminal Complaint was filed against Mr. Palermo (dated May 29, 2020) alleging violations of federal criminal law. (*See* Criminal Complaint in Case No. 3:20-mj-70681-AGT, pending in the United States District Court for the Northern District of California, attached hereto as Exhibit 1 ("Criminal Complaint")). Since that time, Plaintiff has filed a Motion to Compel Discovery in connection with its First Set of Requests for Production and First Set of Interrogatories (Dkt. 28) and a related Motion for Attorneys' Fees (Dkt. 35). Plaintiff has also served a Notice of Deposition under Rule 30(b)(6), which as a practical matter will call for the deposition testimony of Mr. Palermo on a variety of topics given that he is the signatory for the

---

[1] Defendants GMP Cars, LLC; GMP Cars Collision Fremont, LLC; GMP Cars Collision San Francisco, LLC; GMP Cars Collision San Rafael, LLC; GMP Cars Collision Santa Clara, LLC; GMP Cars Collision Fairfield, LLC; GMP Cars Collision Santa Rosa, LLC; and GMP Cars Collision Vallejo, LLC (collectively, "GMP Entities") join the motion. As a practical matter, Mr. Palermo is a member in each entity; any representations made on behalf of these entities would jeopardize the criminal defense and likely also require him to provide testimonial statements.

contracts Plaintiff has identified in its Complaint (*See* Notice of 30(b)(6) Deposition, attached hereto as Exhibit 2 ("Deposition Notice")). A Federal Indictment against Mr. Palermo was returned on June 30, 2020. (*See* Superseding Indictment in Case No. 3:20-190-jd, pending in the United States District Court for the Northern District of California, attached hereto as Exhibit 3 ("Indictment")). Before the Indictment was returned, the government obtained a Criminal Complaint in the Northern District of California on May 29, 2010. The Criminal Complaint specifically discusses the FinishMaster contract which is the subject of the instant case, and alleges certain facts which the Criminal Complaint avers as supporting a charge of wire fraud. (See Criminal Complaint, Exhibit 1, ¶44).

Plaintiff in this case alleges breach of contract and unjust enrichment on the theory that Defendants wrongly retained certain incentives in their contracts with Plaintiff without completely fulfilling certain requisite conditions, including purchasing all paint and related equipment exclusively through them and remaining current on all accounts. The Criminal Complaint specifically refers to the instant suit as providing a basis for a Wire Fraud charge against Mr. Palermo under 18 U.S.C. § 1343 for failing to disclose his dispute with Plaintiff in loan application materials to a bank. (Ex. 1 at ¶44 [Criminal Complaint].) The government's criminal case also involves allegations of a broader conspiracy mirroring the allegations of Claimants involved in a JAMS arbitration pending in California, for which Mr. Palermo has also recently sought a stay.

**II.   ARGUMENT**

This Court has the authority to grant a stay of proceedings pending the outcome of the criminal matter. A court's fundamental job is to see that proceedings are fair and that due process is followed. *Mullane v. Cent. Hanover Bank & Tr. Co*., 339 U.S. 306, 314 (1950). To the extent it is necessary to ensure fairness and due process, courts have broad discretion to grant stays. *Clinton v. Jones*, 520 U.S. 681, 706-707 (1997). "The decision whether to stay civil proceedings in face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'" *Clifford v. Trump*, No. CV1802217SJOFFM, 2018 WL 3435419, at *3 (C.D. Cal. Apr. 27, 2018) (citing *Keating v. Office of Thrift Supervision*, 45

F.3d 322, 324 (9th Cir. 1995) and quoting *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)).

In this context, where a litigant is subject to both criminal charges and civil litigation, it is critical that a court prevent the unfairness and deprivation of due process that follows, including actions that would "undermine the defendant's Fifth Amendment privilege, expand criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the defense strategy to the prosecution before the criminal trial, or cause other prejudice." *Consumer Fin. Prot. Bureau (CFPB) v. Glob. Fin. Support, Inc.*, No. 15-CV-02440-GPC-WVG, 2016 WL 2868698, at *3 (S.D. Cal. May 17, 2016); *Price v. Indy Trading Post*, No. 19-CV-001267-JMS-TAB, 2019 WL 2010197, at *5 (S.D. Ind. May 7, 2019) (staying case pending criminal proceeding because [d]ue to the limitations on discovery in the criminal context, which the Court would have to honor in this case, [party] would likely be unable to effectively litigate such claims in this case while the criminal matter remains pending."); *Simon v. Muschell*, No. 1:09-CV-301-JTM, 2010 WL 3946528, at *3–6 (N.D. Ind. Oct. 4, 2010) ("by allowing the case to move forward, the defendants' due process rights could be implicated because they would not be able to develop their defense completely").

While there are a number of factors that may be considered in whether to grant a stay, the most compelling one is where there is an actual criminal case pending, as opposed to the threat or possibility of one. *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980) ("the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter."); *see McCormick v. Rexroth*, No. C-09-4188-JF, 2010 WL 934242, at *2 (N.D. Cal. Mar. 15, 2010) ("[s]ome courts have gone so far as to recognize the extent of overlap as the most important factor.") (internal quotations omitted).

Here, the threat to Mr. Palermo's constitutional rights is neither theoretical nor speculative because he has, in fact, been charged in a federal criminal case. As the court explained *Jones v. City of Indianapolis*,

> If a limited stay is not granted, the Court finds that Defendants would be faced with an unnecessary dilemma: surrender their Fifth Amendment rights against self-incrimination, or not testify and risk the possibility of adverse inferences being taken from the assertion of these Fifth Amendment rights, or possibly even civil sanctions and/or the entry of a default judgment.

216 F.R.D. 440, 450–52 (S.D. Ind. 2003) (granting stay). Cases where a stay is denied typically involve a litigant who has not yet been indicted. *See, e.g.*, *U.S. ex rel. Shank v. Lewis Enterprises, Inc.*, No. CIV. 04-CV-4105-JPG, 2006 WL 1064072, at *1–2 (S.D. Ill. Apr. 21, 2006) ("The parties agree that Fifth Amendment issues may arise if the United States indicts the Johnsons. What they do not agree on is the extent to which these concerns are implicated here, as no indictment has been handed down.") (internal citations omitted).

A second critical factor in whether a court should grant a stay is the overlap between the criminal and the civil cases. Courts have found that "there is a strong case in favor of a stay after a grand jury returns a criminal indictment and where there is a large degree of overlap between the facts involved in both" civil and criminal cases. *Roberts v. Brown*, No. 2:13-CV-07461 ODW (JCx), 2014 WL 3503094, at *2 (C.D. Cal. July 14, 2014) (listing cases). The infringement on a defendant's constitutional rights is the most important factor when determining whether a civil proceeding should be stayed. *In re Packaged Seafood Prod. Antitrust Litig.*, No. 15-MD-2670 JLS (MDD), 2018 WL 5785284, at *3 (S.D. Cal. Nov. 5, 2018) (citing *Keating*, 45 F.3d at 324).[2] As the district court in the Northern District of California—where the criminal case against Mr. Palermo is pending—recently held, "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *U.S. v Petrou,* No. 16-CV-04323-YGR, 2016 WL 6563355, at *3 (N.D. Cal. Nov. 4, 2016) (internal quotations and citations omitted).

Here, there is no question that there is material overlap between the instant case and the criminal matter. Both the Indictment and the preceding Criminal Complaint discuss the

---

[2] Courts within the Seventh Circuit have adopted a similar balancing analysis considering the interests of the parties and judicial efficiency. *See Benevolence Int'l Found., Inc. v. Ashcroft*, 200 F. Supp. 2d 935, 938 (N.D. Ill. 2002).

FinishMaster allegations specifically. The Indictment alleges Mr. Palermo, as head of GMP Entities, failed to disclose his true financial condition to lenders. The charges specifically include this dispute between GMP Entities and FinishMaster. (*See* Exhibit 3, Indictment, at ¶¶ 27-31 and Exhibit 1, Criminal Complaint, at ¶¶ 27-62). The nature, validity and the circumstances of any relationship or dispute between GMP and FinishMaster is obviously an essential inquiry in both the criminal prosecution and the instant case and Mr. Palermo cannot be compelled to give testimony or evidence in this matter which can used against him in the pending criminal case.

Yet, that is exactly what would happen. Plaintiff has sought wide-ranging discovery from Mr. Palermo including a deposition. The Plaintiff is also specifically seeking to probe into the financial condition of GMP Entities and Mr. Palermo, and in that regard the allegations in the instant case go directly to the theory of the government's criminal case. In any deposition, Mr. Palermo will have no choice but to assert his rights against self-incrimination. Federal law requires that such an invocation be made broadly because a defendant cannot selectively invoke the Fifth Amendment without risking waiver. *See Brown v. United States*, 356 U.S. 148, 156, (1958) (holding that a witness who takes the stand voluntarily may not invoke the Fifth Amendment on cross-examination).

A defendant should not be forced to choose between protecting his constitutional rights in a criminal case and defending a civil matter where there are, as here, significant sums of money at stake. *See Glover v. Upmann*, No. 19 CV 03738, 2020 WL 1433801, at *3 (N.D. Ill. Mar. 24, 2020) ("There are several cases where courts have stayed discovery in a civil action to avoid forcing the civil defendants, who themselves had been indicted for conduct arising from the same facts that led to the civil action, from having to make such a choice.") (citations omitted). Otherwise, a court would effectively be imposing a harsh financial tax on the exercise of a constitutional right. *See Follett v. Town of McCormick, S.C.*, 321 U.S. 573, 575 (1944) (holding that a "tax imposed on the exercise of a privilege granted by the Bill of Rights" was "an unconstitutional exaction"); *see also Cruz v. Cty. of DuPage*, No. 96 C 7170, 1997 WL 370194, at *1–4 (N.D. Ill. June 27, 1997) ("[D]efending a civil action involving the same matter for which a

party is under indictment is a severe burden. In these cases, there is a distinct possibility that rights of the defendants will be prejudiced if discovery is allowed to continue because there is a distinct possibility that the parallel proceedings would undercut the defendants' privileges against self-incrimination."). Allowing civil proceedings to continue also gives prosecutors an unfair advantage. *See Square 1 Bank v. Lo*, No. 12-CV-05595-JSC, 2014 WL 7206874, at *5 (N.D. Cal. Dec. 17, 2014) (imposing a stay of civil proceedings pending final sentencing after a party pled guilty and noting the dangers of weaponizing the government by learning facts through a civil case).

The line of cases rebuffing efforts to limit the Fifth Amendment right of silence is lengthy. *See, e.g., Miranda v. Arizona*, 384 U.S. 436, 479 (1966) ("[T]he Constitution has prescribed the rights of the individual when confronted with the power of government when it provided in the Fifth Amendment that an individual cannot be compelled to be a witness against himself. That right cannot be abridged."). In addition to testimony, any assertions of fact in any part of the civil case by Mr. Palermo directly or by counsel on his behalf are statements that the government might attempt to attribute to him in the criminal proceeding. *See Clark v. Djukic*, No. 2:14-CV-160-JTM-PRC, 2014 WL 6674610, at *1–2 (N.D. Ind. Nov. 25, 2014) ("Regarding the second point, whether or not this stay is granted may be decisive to Plaintiff's case. Full responses to written discovery and frank answers to the sort of questions that will be asked at a deposition would hurt his chances in the related criminal case by making it much easier for the Government to prove certain crucial facts. On the other hand, failures to get certain things in the record could result in an adverse ruling on summary judgment in this case.").

In addition to Mr. Palermo, other key witnesses in this case are likely to assert the Fifth Amendment in response to discovery requests in this case. For example, Craig Fossella, a former GMP Entities employee, is represented by criminal counsel and has been the subject of search warrants executed by the Federal Bureau of Investigation. (*See* Declaration of Matthew J. Jacobs, attached hereto as Exhibit 4 at ¶ 3 ("Jacobs Affidavit")). The likely inability to examine witnesses such as Mr. Fossella will substantially prejudice Mr. Palermo's ability to defend this case.

Courts have recognized that a stay is warranted where Fifth Amendment concerns would render discovery efforts such as depositions fruitless. *See, e.g.*, *Jones v. City of Indianapolis*, 216 F.R.D. 440, 450–52 (S.D. Ind. 2003) ("Permitting certain discovery to proceed, such as depositions of the individual Defendants, would be an inefficient use of resources . . . [where it was clear that they would take the Fifth]"); *Jackson v. Zormier*, No. 2:20-CV-45, 2020 WL 1899815, at *1–3 (N.D. Ind. Apr. 17, 2020) ("When the deposition of Jackson is scheduled, it is likely that his defense attorney will advise him not to answer any questions. In weighing the various factors, the court finds that a stay is appropriate until the criminal proceedings against Jackson are completed."); *Simon v. Muschell*, No. 1:09-CV-301 JTM, 2010 WL 3946528, at *3–6 (N.D. Ind. Oct. 4, 2010) ("Rather than burden the parties with the expense and time of making fruitless efforts to obtain privileged discovery, staying discovery until the close of the criminal matter would alleviate the limitations . . .").

The public has a keen interest in seeing that criminal matters proceed without interference from a civil case. *Clifford v. Trump, supra*, 2018 WL 3435419, at *6. Here, while a stay would certainly cause a delay until the criminal case is resolved, the case was only filed at the end of last year and a definite trial date has not been scheduled. As the court recognized when it granted a stay in *St. Paul Fire & Marine Ins. Co. v. United States*, "the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, will of necessity expedite a criminal trial, if appropriate." 24 Cl. Ct. 513, 517 (1991); *see Lopez v. Suhr*, No. 15-CV-01846-HSG, 2016 WL 1639547, at *4–7 (N.D. Cal. Apr. 26, 2016) (finding good cause to stay discovery as to two officers who would otherwise have to choose between risking an adverse inference discovery sanction or waiver of their Fifth Amendment privileges, but the "only real risk of prejudice" to plaintiffs was that memories could fade with time).

### III.  CONCLUSION

For the foregoing reasons, Mr. Palermo and the other Defendants respectfully request that the Court enter a stay in the form of the attached [Proposed] Order.

Dated: July 28, 2020

                        */s/ William M. Braman*

                        William M. Braman, Attorney No.15124-47
                        LORENZO BEVERS BRAMAN & CONNELL
                        218 West Second Street
                        Seymour, IN  47274
                        Braman.William@outlook.com
                        Phone (812) 524-9000
                        Fax (812) 524-9001
                        Attorney for Defendants

## **CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing Brief in Support of Motion to Stay was E-filed via the Court's e-file system and served on the following counsel of record, at their email addresses of record, on this 28th day of July, 2020, Matthew B. Barr and Kelsey C. Dilday, counsel for Plaintiff.

                        */s/ William M. Braman*

                        William M. Braman