UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FINISHMASTER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00299-RLY-MJD |
| | ) | |
| GMP CARS COLLISION FAIRFIELD, LLC, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION FOR ATTORNEYS' FEES

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees.  [Dkt. 35.]  For

the reasons set forth below, Plaintiff's Motion is **GRANTED.**

### I. Background

Plaintiff asserts claims against Defendants for breach of contract and unjust enrichment.

In response, Defendants have generally denied Plaintiff's claims and asserted various affirmative

defenses.

On February 28, 2020, Plaintiff served its First Set of Interrogatories and First Request

for Production to Defendants.  Defendants, however, failed to respond to these discovery

requests.  During a telephonic status conference on May 26, 2020, the Court authorized Plaintiff

to file a motion to compel if discovery responses were not served by Defendants by June 1, 2020.

[Dkt. 26.]  No such responses were served.  On June 14, 2020, Plaintiff filed its Motion to

Compel Discovery [Dkt. 28]; Defendants failed to respond to the motion.  The Court granted

Plaintiff's Motion to Compel, and authorized Plaintiff to file a motion to recover its fees related

to the motion to compel on or before July 6, 2020.  [*See* Dkt. 33.]

On July 6, 2020, Plaintiff filed the instant motion requesting $2,798.10 for attorneys' fees

incurred in connection with its motion to compel.  [Dkt. 35.]  After requesting and being granted

an enlargement of time to respond [Dkt. 38 at 2], Defendants failed to respond to the instant

motion.

## II. Discussion

Pursuant to Rule 37, after granting a motion to compel disclosure or discovery "the court

must . . . require [the losing party or attorney or both] to pay the movant's reasonable expenses

incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  "The

Seventh Circuit has held that Rule 37 'presumptively requires every loser to make good the

victor's costs,' suggesting that the fee shifting requirements encourage the voluntary resolution of

discovery disputes by the parties." *Tecnomatic, S.p.A. v. Remy, Inc*., 2013 WL 6665531, at *1

(S.D. Ind. Dec. 17, 2013) (quoting *Rickels v. City of South Bend*, 33 F.3d 785, 786 (7th Cir.

1994)).  A court must not order fees if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure of
> discovery without court action; (ii) the opposing party's nondisclosure, response, or
> objection was substantially justified; or (iii) other circumstances make an award of
> expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).  Further, the "burden of persuasion is on the losing party to

avoid assessment of fees, rather than on the winning party to obtain such an award." *Malibu*

*Media, LLC v. Harrison*, 2014 WL 5392097, at *1 (S.D. Ind. Oct. 23, 2014).

Plaintiff asserts that it incurred $2,798.10 in attorney fees in bringing the motion to

compel against Defendants.  Specifically, Plaintiff asserts that such fees are reasonable because it

"met and conferred with Defendants to request responses to its discovery demands multiple

times," and that Plaintiff filed its motion to compel only after discussing the discovery

deficiencies with Defendants and the Court during the telephonic status conference on May 26,

2020.  [Dkt. 35 at 3.][1]  The Court agrees.

Plaintiff repeatedly attempted in good faith to get Defendants to comply with its

discovery obligation prior to filing its motion to compel.  Defendants consistently failed to

respond or comply.  Defendants were not substantially justified because there is no justification

for their failure to timely respond to discovery in this case.  Finally, there are no other

circumstances in this case which make an award of expenses unjust.

The Court next turns to review Plaintiff's specific claims for reimbursement of attorneys'

fees.  This Court utilizes the "lodestar" method to determine reasonable attorneys' fees by

multiplying a reasonable rate by the number of hours reasonably expended on the motion.  *Grady*

*v. Affiliated Computer Servs. ACS*, 2014 WL 6066049, at *2 (S.D. Ind. Nov. 13, 2014) (citing

*Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012)).  District courts have exceptional

discretion to determine whether the time an attorney spends on the motion to compel is

reasonable.  *Gautreaux v. Chi. Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007); *see also Murray*

*v. Conseco, Inc.*, 2009 WL 363803, at *5 (S.D. Ind. Feb. 6, 2009) (reducing fee award after

reviewing attorneys' rates and time records relating to a motion to compel).  The prevailing party

bears the burden of demonstrating that its hours and fees are reasonable.  *Grady*, 2014 WL

6066049, at *2.

In order to determine the reasonableness of attorneys' rates, the Court looks to "[t]he

attorney's standard hourly rate [as] the best measure of the attorney's reasonable hourly rate."

*Equal Emp't Opportunity Comm'n v. Accurate Mech. Contractors, Inc.*, 863 F. Supp. 828, 834

---

[1] Defendants have not filed a response brief responding to Plaintiff's contentions.

(E.D. Wis. 1994) (citing *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993)). As a

first step, the Court examines "the rate actually charged; this is the rate to which the prevailing

party is presumptively entitled, regardless of whether the attorney charges a fee above or below

the market average." *Watkins v. Trans Union, LLC*, 2019 WL 336674, at *3 (S.D. Ind. Jan. 28,

2019). The Court may consider "the attorney's experience and qualifications . . . ." *United

Consumers Club, Inc. v. Prime Time Mktg. Mgmt., Inc.*, 2011 WL 1375160, at *1 (N.D. Ind. Apr.

12, 2011).

Plaintiff's fee request was accompanied by Declarations of Matthew Barr and Allison

Scarlott, attorneys representing Plaintiff, discussing the 2019 report analyzing average market

firm rates by year and level in the local community. [Dkt. 35-1 & Dkt. 35-2.] Matthew Barr

declared that based on his skills, experience, and as a "partner attorney at Barnes & Thornburg

LLP and Co-Chair of the Litigation Department with fourteen years of experience, and pursuant

to agreement with FinishMaster, Inc., Barnes & Thornburg LLP" his hourly rate is $436.50 per

hour. [Dkt. 35-1 at 3.] Allison Scarlott also declared that based on her skills, experience, and as

a "second year associate attorney at Barnes & Thornburg LLP, and pursuant to an agreement

with FinishMaster, Inc., Barnes & Thornburg LLP in 2020" her billing rate was $279 per hour.

[Dkt. 35-2 at 3.] The Court finds Plaintiff's counsel has sufficiently shown the amount of their

actual standard hourly rates and their application to this case.

The Court's determination of the reasonableness of attorney hours is based upon a case by

case analysis; "it is the duty of the Court to examine the reasonableness of the allegations in the

motion before it, not to make a finding based on allegations that have been brought before other

courts within the Seventh Circuit." *See Slabaugh v. State Farm Fire & Cas. Co.*, 2014 WL

1767088, at *3 (S.D. Ind. May 1, 2014) ("[E]ven when those courts reduced the amount of fees

requested for lack of substantive brief, it was still reasonable to allow roughly one page of briefing per hour of work alleged.").

Plaintiff's counsel submitted a billing statement, detailing the amount of time expended by each lawyer, a detailed description of the particular tasks performed with the number of hours attributed to each task, and the total hours worked by each lawyer for that day and billed. [*See* Dkt. 35-3.] The time spent includes researching and drafting the motion to compel, conferring with opposing counsel, and reviewing and analyzing document production in order to identify complete defaults on discovery obligations by Defendants. [Dkt. 35-3 at 4.] The records submitted by Plaintiff shows that attorney Matthew Barr worked 3.8 hours for $436.50 per hour, and attorney Allison Scarlott spent 6.9 hours at a rate of $279 per hour, for a total of $3,583.80. Although the Court finds this amount reasonable, Plaintiff's counsel only seeks the lesser amount of $2,798.10, thus that's the amount the Court will award based on the motion. Accordingly, Plaintiff's Motion for Attorneys' Fees is **GRANTED** in the amount of $2,798.10. [Dkt. 35.]

SO ORDERED.

Dated:  3 AUG 2020

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.